## PETITION OF KITTANNING INSURANCE CO.

### APPEAL BY J. M. FORSTER ET AL. FROM THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY.

Argued October 14, 1891—Decided January 4, 1892.

(*a*) An insurance company, by its president, presented a petition to the Common Pleas of Armstrong county, averring that it was without available assets sufficient for carrying on its business and the payment of immediate demands against it; praying for the appointment of a receiver to take charge of its assets, to collect debts, etc.

(*b*) Upon said petition, an order was made dissolving the corporation and appointing a receiver. On the day of this order, upon proceedings by the attorney general, under par. 8, § 5, act of April 4, 1873, P. L. 23, the Common Pleas of Dauphin county made an order on the company to show cause why its business should not be closed:

1. So much of the order of the Common Pleas of Armstrong as dissolved the corporation, was made improvidently. That court had power, however, to appoint the receiver, and the latter could retain custody of the company's assets until superseded by a receiver appointed on the formal dissolution of the corporation by the Common Pleas of Dauphin.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 41, 280 October Term 1891, Sup. Ct.; court below, No. 95 December Term 1890, C. P.

On September 24, 1890, the Kittanning Insurance Company, incorporated by the act of April 2, 1853, P. L. 280, with its principal office at Kittanning, Pa., by its president presented its petition to the court at chambers, averring in substance as follows :

That the assets of the company were not sufficient for carrying on its business ; that it had no money to pay its immediate demands, and that there were a number of executions against it in the hands of the sheriff; that its available assets were largely in the form of premium notes, out of which no money could be realized until after considerable time, but they were sufficient to pay all the indebtedness of the company when assessments were made and collected; praying for the appointment of a receiver for said corporation, to take charge of its assets, and to collect the debts and property due and belonging to it.

Thereupon, it was ordered that the petition be filed, and that notice thereof be served on Hon. J. M. Forster, insurance commissioner, etc., returnable on September 27, 1890, at two o'clock, P. M.

On September 27, 1890, the insurance commissioner appeared by counsel, and filed a paper averring that he had employed counsel by wire, and had been unable to consult with them; that he denied the jurisdiction of the court; that he was about proceeding to apply to the Court of Common Pleas of Dauphin county, for the dissolution of the company and a decree appointing a receiver; protesting against further proceedings upon the petition on file.

After argument, the court, RAYBURN, P. J., entered the following order :

And now, September 27, 1890, it appearing to the court from the statement contained in the petition of the Kittanning Insurance Company, presenting this case, that the assets of said company are not sufficient for the carrying on the business of the same, it is ordered and decreed that the Kittanning Insurance Company be dissolved, and that its effects be distributed according to law ; and the Safe Deposit & Title Guaranty Company of Kittanning, Pa., is appointed receiver for said corporation, to take charge of its estate and effects and collect the debts and property due and belonging to it, and under the di-

Statement of Facts.

rection of the court to do all other matters and things pertaining to the said office of receiver, in accordance with the act of assembly in such case made and provided.   Exception.[1]

On November 1, 1890, came Mr. William S. Kirkpatrick, attorney general, and for the commonwealth gave the court to understand and be informed that, on September 26, 1890, upon information in writing communicated by the insurance commissioner for the commonwealth, that it was believed the petitioner in this case, the Kittanning Insurance Company, was insolvent, was fraudulently conducted, and its assets insufficient for carrying on its business, the attorney general had prepared an application to the Court of Common Pleas of Dauphin county, pursuant to the act of assembly in such case made and provided, for an order upon the said company requiring it to show cause why its business should not be closed; that on September 27, 1890, the said application was made and an order to show cause granted, which order was duly served on the said company and return of service duly made; that said application and proceedings so instituted were now pending and undisposed of; whereupon, the attorney general made suggestion to the court that the proceedings taken in said court upon the petition of said company, and the decree and appointment of receiver made, be vacated and dismissed and held altogether for naught:

1. Because authority to institute proceedings in insolvency of insurance companies, is vested exclusively in the attorney general.

2. Because this court had no power to take jurisdiction of the petition of the Kittanning Insurance Company, nor to make the decree entered thereon.

3. Because the proceeding is void for want of parties.

4. Because due proceedings instituted by competent authority, were pending at the date of the decree.

Thereupon, a rule to show cause why the decree dated September 27, 1890, should not be vacated, issued.

After argument, the court, RAYBURN, P. J., on September 4, 1891, discharged said rule; exception.[2]   Thereupon, the insurance commissioner and the attorney general took these appeals, specifying respectively that the court erred:

1. In making the order of September 27, 1890.[1]

Opinion of the Court.

· 2. In discharging the rule granted, to vacate said order.[2]

*Mr. Jos. Buffington* (with him *Mr. Orr Buffington*), for the appellants.

Counsel cited: §§ 1, 5, act of April 4, 1873, P. L. 20 ; §§ 49, 51, act of May 1, 1876, P. L. 66 ; Mahoney Ass'n v. Commonwealth, 14 W. N. 370 ; Beach on Receivers, §§ 404, 406, 408.

*Mr. M. F. Leason,* for the receiver.

PER CURIAM :

The insurance commissioner appeals from the decree of the court below dissolving the Kittanning Insurance Company and appointing a receiver, while the attorney general appeals from an order of the said court in the same cause refusing to vacate said decree.

The receiver was appointed upon the petition of the insurance company, through its duly constituted officer, setting forth the insolvency of the company and its inability to continue its business. The petitioner further prayed " that notice of this proceeding shall be served on Hon. J. M. Forster, insurance commissioner for the state of Pennsylvania, and that he may be made a party to this proceeding, as required by the act of assembly." Upon the presentation of the petition, the court below directed notice thereof to be given to the insurance commissioner, and it appears that such notice was given to George B. Luper, deputy insurance commissioner ; whereupon the court made the order dissolving the corporation, and appointing a receiver.

So much of said order as dissolved the corporation was improvidently made, and must be reversed. It was not asked for by the company ; at least, no such request appears in the record. But the appointment of a receiver was within the recognized powers of the court. It is true, the insurance commissioner may proceed in the Court of Common Pleas of Dauphin county, to have the corporation formally dissolved, and a receiver there appointed to take charge of its assets. Such proceeding is authorized by the act of assembly, and is for the protection of policy-holders, in part at least. When a receiver is so appointed, he will supersede the receiver appointed by the court below. Until this is done, however, we see no reason why the latter

should not retain the custody of the assets of the insolvent corporation.

> So much of the decree as dissolves the corporation is reversed. With this modification, the decree is affirmed ; the costs of this appeal to be paid by the receiver.